JONES, JUDGE:
On July 18, 1974, at about 8:00 a.m., the claimant, Daniel Crockett, was driving his 1971 Gremlin automobile west on Charles Avenue, near the City of Dunbar. A stretch of the road, approximately 60 feet in length, was in very bad condition, having been subjected to heavy truck traffic. The State-maintained old concrete road had been covered by layers of asphalt, and both the concrete and asphalt were broken and intermingled. The claimant was aware of the rough condition of the road, as he had travelled it on numerous occasions. He testified that he “had to bob and weave to avoid the major holes”, but said he was used to driving on bad roads and anticipated no difficulty as he proceeded at a slow rate of speed. Suddenly the claimant’s car was impaled on a concrete slab and he was thrown against the windshield. The car would not move forward and claimant, having suffered only minor bruises, left the car and telephoned the State Police. Trooper David L. Adkins came promptly to the scene, and made an investigation.
As a witness called by the claimant, Trooper Adkins testified that he found the claimant’s car in the westbound lane and that it could not be moved forward, but was backed off of the obstruction and moved out of the way of traffic. He examined the slab of concrete on which the car had stuck and found that “it did stick up approximately five, six, possibly eight inches”, that it was loose, and that when he placed his weight on one end of the slab, the other end would rise, giving credence to his estimate that the weight of the claimant’s car upon one end of the slab would cause the other end to rise as much as 10 to 12 inches.
While there is no evidence that the respondent had specific notice of the dangerous condition, the road had been breaking up and deteriorating for a considerable period of time and the condition had been worsening rapidly in the weeks prior to the *39 collision, due to extremely heavy loads carried by trucks over this Stretch of road. The Court is not unmindful of its repeated adherence to the holding that the State is not an insurer of the safety of travellers on its roads and that its only duty is reasonable care and diligence under all the circumstances. However, we feel that the circumstances of this case are unusual, that the condition which developed should have been anticipated by the respondent, and that its failure to investigate the breakup of the concrete base and the dislodgment of portions thereof constitutes negligence. On the other hand, in view of the hidden nature of the dangerous condition, we find that the claimant could not reasonably be expected to have anticipated or to have recognized the danger and was not guilty of contributory negligence as charged by the respondent.
Accordingly, the Court holds that the claimant is entitled to recover, and as the damages to the windshield and undercarriage of the car are not contested, we hereby award the claimant, Daniel Crockett, the sum of $257.96, the amount sought' by the claimant and supported by the evidence.
Award of $257.96.